ELEUTERIO PAGÁN-MOLINA, Plaintiff and Appellee, *v.* SERAFINA SANTIAGO, Defendant and Appellant.

No. 4438. Argued June 8, 1928.—Decided June 12, 1928.

*García Méndez & García Méndez* for the appellant. *B. Esteves* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On April 4, 1927, Eleuterio Pagán brought injunction proceedings against Serafina Santiago in the District Court of Aguadilla to recover the possession of a piece of land. He alleged in substance that he was the owner of a property of eight acres situated in the ward of Salto of the municipality of San Sebastián and that on December 22, 1927, the defendant, accompanied by other persons, entered the property with violence and threats, pulled down fences of agave and wire and took several clusters of palm and other fruits against the will of the plaintiff, and entered the property again on March 26, 1927, constructing this last time a barbed wire fence on wooden posts, thereby depriving the plaintiff of a part of his property.

The defendant demurred and answered at the same time. She denied that she had entered the plaintiff's property violently and alleged that although on March 26, 1927, she had built the fence referred to in the complaint, she did so with the consent of the plaintiff. As new matter she alleged that she was the owner of a property of about two acres adjoining that of the plaintiff and that as some disagreement arose between them in relation to the dividing line, they agreed amicably to have a survey, which was made by public surveyor Enrique García on December 26, 1926, the result thereof being accepted and the fence being built by mutual agreement following the stakes placed by the surveyor.

The case went to trial. The plaintiff testified in harmony with the averments of his complaint. He denied on cross-examination that any surveyor had made a survey of his property. He insisted that when the defendant built the fence which deprived him of a parcel of land he was in possession of that parcel.

At one place his testimony is confused and he seems to admit that prior to the dates given in the complaint the defendant and he "used to pasture hogs" on the land in

dispute and gather the palm *yaguas*. However, taking the testimony as a whole, that confusion disappears and the gist of it is that the acts of disturbance began on December 22, 1926, and therefore not a year elapsed between them and the date of filing the complaint.

Juan de Dios Hernández, a witness for the plaintiff, testified that on December 22, 1926, he observed that the defendant and her daughters "were quarreling with Eleuterio Pagán, one of them wanting to pull up the agave and the other refusing permission to remove the agave and the wire . . . . That the agave and the wire belonged to Eleuterio Pagán and that he had seen the agave and the wire there for about twenty years."

Juan Núñez, another witness for the plaintiff, testified to the same effect. He admitted on cross-examination that he saw surveyor García making a survey, but said that he did not know by whom he was employed.

The witnesses for the defendant were the defendant herself, Cleofe and Flor Jiménez and surveyor García.

The testimony of the defendant is long. It seems well to quote the following part literally:

"Examined by the judge she testifies: That he called them and said: 'These are the conditions of the survey, if it goes against me I will accept it and if it goes against you the same,' and that the surveyor placed a stake where he himself had marked above; that he did not take land from anybody; that the piece of land entered upon by her turned out to belong to her; that those 25 hundredths which, according to the survey, belonged to her and which, according to him, she had entered forcibly are the same; that the survey favored her and not him; that if the survey had been against her instead of having favored her, he would have the 25 hundredths now; that he accepted the result of the survey; . . .

"Cross-examined again by the plaintiff, she answers: That he too made use of that land, pasturing animals thereon; that he made a complaint against them for trespassing on the land to gather *yaguas* and palms; that after the survey he complained to the judge of San Sebastián because he was not conformable; that he did agree; but that one can agree today and disagree tomorrow."

Cleofe and Flor Jiménez testified in favor of the defendant and surveyor García said that he made the survey at the request of the plaintiff. The following is a part of his testimony:

" . . . that she and he had disagreed about the boundary line separating their adjoining properties, because he was claiming land within three points and she said that it was only in two points, and he, Pagán, brought to the witness a copy of the deed of the registry of property and that copy mentioned six points and, as he said to him and repeated it about five times, it had seven points, and then they arrived at the conclusion that the point which was not recorded in the registry of property was that point, or the seventh, when the copy said that from the fifth point, that the last line was the sixth point to the first, and not from the seventh to the first, and they agreed, Pagán and others, she and some others who were interested in the line, that all should pay for the survey so as to close the controversy and avoid unpleasantness and to clear up their property, and that he then, with the consent of Pagán and the defendants, made the survey between the two points, to which they fully agreed; that the difference which they had there was about 30 or 35 hundredths; that after running the lines and making the survey the small piece of land was shown to belong to the defendant; . . .

"Questioned by the judge, the witness answers: That there was no fence, that there was a row of agave plants, but not between two points, a crooked row of agave plants, but outside of the two points, within the property of the defendant; that between the boundary line marked by him with posts and stakes and the agave plants the area of land comprised therein appeared as a sharp oblique triangle."

The plaintiff was recalled and insisted that he did not employ the surveyor. He said "that he was present on that day and that he did not pay the surveyor, that they paid him."

After the trial the court rendered the judgment appealed from favoring the plaintiff. An opinion was delivered by the court and from it the following should be transcribed:

"The action brought in this case is that to which every possessor is entitled under Act No. 43 of March 13, 1913, as amended by Act No. 11 of March 14, 1917.

"That action, called an injunction to recover possession, is by nature similar to the interdicts or summary proceedings which, in Spanish procedure, were summarily prosecuted and whose sole purpose was to secure provisional and precarious possession.

"In these interdicts, as said by Manresa, nothing is finally decided by the decisions, bearing always on the facts without going into legal grounds.

"So that in order that such an action may lie it is sufficient that the person to be enjoined should have committed acts of disturbance and spoliation against the complainant in possession at the time of such disturbance and spoliation.

"With these brief considerations, let us now see what is the result of the evidence in the case. Disregarding the acts committed prior to December 22, 1926, it appears therefrom that on March 26 of the current year the defendant, by her children Concepción and Cleofe and two peons under their orders, entered again, using violence and threats, upon the land of the plaintiff who was in possession thereof, placing a stake on the western boundary from which they set up a line of posts with barbed wire, depriving the plaintiff of a piece of land in the shape of a wedge, inscribed in an area bounded by an old agave hedge which had been previously removed by the defendant, and the above line of posts with barbed wire.

"These last acts have been accepted by the defendant, but alleging that that boundary line was established with the consent of the plaintiff after they had mutually agreed on the common boundary between their respective properties.

"Although it is difficult for the court as a result of the evidence to admit as a fact the acquiescence of the plaintiff in that boundary, granting it to be a fact we are of the opinion that that does not detract from the right of the plaintiff to avail himself of the remedy by injunction, because, as has been held by the Supreme Court, 'the fact that the owner of a rural property does not object to the survey of a property which adjoins his own does not deprive him of his right to an injunction as provided for in the Act of March 13, 1913.' 28 P.R.R. 593.

"The question of whether or not the boundary line is the right one is of no consequence here. As said by Scaevola in commenting on Laurent, injunctions are granted on the presumption of ownership. The reason is one of public policy; if the disturbance and

violence lead to deeds the law shall not permit it, even though such deeds should be carried out by the party claiming title to the thing, because if he has any he should seek to enforce it in a court of law.

"Even admitting, as the evidence of the defendant seems to show, that she had been performing acts of possession the same as the plaintiff on the piece of land now under discussion, it seems that the preëxistent state of things should be maintained."

With the exception of the opinion stated in the last paragraph the findings of fact and conclusions of law reached by the trial court resist the able argument contained in the brief of the appellant.

If the evidence should show that the situation was not one of full possession on the part of the plaintiff for one year preceding the filing of the complaint, but one of mixed possession exercised by both plaintiff and defendant, the remedy chosen to settle the controversy would not be appropriate and the complaint should have been dismissed. *Richardson* v. *Martínez*, 35 P.R.R. 949.

The testimony of the plaintiff caused us to hesitate in that respect; but after a careful examination of the whole evidence we have reached the conclusion that it was the plaintiff who was in full possession of the small piece of land under litigation prior to December 22, 1926. There is a very important fact for deciding the conflict. We refer to the existence of the old agave and wire. fence finally admitted by the surveyor in such manner as to show that it had been removed when he went to make the survey.

The judgment appealed from must be affirmed.